UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISLAM BEKHOEV,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID MARIN et al.,<br><br>    Defendants. | Case No. 5:26-cv-00612-SB-MBK<br><br>ORDER REQUIRING SUPPLEMENTAL BRIEFING ON APPLICATION FOR TEMPORARY RESTRAINING ORDER [2] |

Petitioner Islam Bekhoev, a Russian citizen, has been detained by Immigration and Customs Enforcement (ICE) at the Adelanto ICE Processing Center since March 4, 2025. On February 11, 2026, he filed a petition for writ of habeas corpus and an ex parte application for a temporary restraining order (TRO), seeking his immediate release. The Court orders supplemental briefing.

I.

Petitioner is a citizen of Russia who entered the United States on July 21, 2023, after allegedly fleeing political persecution. Upon entry at the Mexican border, he was granted parole until April 18, 2025. Dkt. No. 2 Ex. 3. Petitioner's immigration proceedings are ongoing. His asylum application was denied, but a further hearing is scheduled for March 5, 2026, and he intends to appeal the denial. Dkt. No. 1 ¶¶ 18–19. On March 4, 2025, Petitioner was detained by ICE during a scheduled check-in and has since been detained at the Adelanto ICE Processing Center. The government provides records showing that Petitioner was scheduled for a bond hearing before an immigration judge on September 11, 2025, but the hearing was cancelled at his request. Dkt. No. 7-1.

1

On February 11, 2026, Petitioner filed this habeas petition and TRO application.[1]  He asserts seven causes of action claiming violations of his Fifth Amendment substantive and procedural due process rights, the Administrative Procedure Act (APA), and Department of Homeland Security (DHS) regulations.  He seeks an order directing his immediate release.  The government opposes the application, arguing that Petitioner failed to exhaust his administrative remedies and that he is unlikely to succeed on the merits of his petition.

II.

To obtain a TRO, a plaintiff must establish:  (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury, (3) that the balance of hardships tips in his favor, and (4) that an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (noting that the TRO and preliminary injunction standards are substantially the same).  In the Ninth Circuit, a preliminary injunction may issue where there are "serious questions going to the merits"—a "lesser showing than likelihood of success on the merits"—and a "balance of hardships that tips sharply toward the plaintiff," provided the other elements of the *Winter* test are also met.  *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190 (9th Cir. 2024) (cleaned up).  "A preliminary injunction is an extraordinary remedy never awarded as of right," but rather only "upon a clear showing that the plaintiff is entitled to such relief."  *Winter*, 555 U.S. at 22, 24.

III.

Petitioner raises various arguments challenging his detention.  He alleges that he was not given pre-revocation notice, that the ICE officer who revoked his parole lacked the authority to do so, and that the revocation was arbitrary and capricious and contrary to applicable regulations.  He also states that his detention is punitive and not authorized by law because of his pending asylum proceedings.  The government failed to substantively address these allegations. Instead, the government states that Petitioner "has not submitted evidence to satisfy the evidentiary and procedural requirements to justify release" and argues that ICE has discretion to detain noncitizens pending final orders of removal and that Petitioner

---

[1] This ruling addresses only the request for preliminary relief, *see* General Order No. 05-07, and thus does not consider Petitioner's motion for appointment of counsel (Dkt. No. 3).

failed to exhaust his administrative remedies by withdrawing his request for a bond hearing. Dkt. No, 7 at 4.[2]

A.

Noncitizens challenging immigration detention through a habeas petition must exhaust their administrative remedies. *See, e.g.*, *Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) (a petitioner "must exhaust administrative remedies before raising . . . constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal"); *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) (holding that petitioner challenging bond determination must first appeal to the BIA before seeking review through a habeas petition). "The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). Courts "may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."

*Id.* (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)); *see also Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (discussing situations where court may waive the prudential exhaustion requirement). When a petitioner fails to exhaust administrative remedies, a court may either dismiss the petition without prejudice or stay the proceedings pending exhaustion. *See Morrison–Knudsen Co. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir. 1987).

B.

The government does not address the application of the *Puga* factors to this case. It argues only that Petitioner has not exhausted his administrative remedies

---

[2] The parties appear to disagree about which statutes and regulations govern Petitioner's detention. Petitioner states that he was granted humanitarian parole under § 1182(d)(5)(A) and that the revocation of his parole is governed by 8 C.F.R. § 241.4. Dkt. No. 2 Ex. 3; Dkt. No. 1 ¶¶ 30, 35. The government does not address these arguments but instead cites 8 U.S.C. § 1226(a) and (c) without specifying which section, if any, is applicable to Petitioner's detention.

because a September 11, 2025, record indicates that a bond request in Petitioner's case was withdrawn "per request of the applicant." Dkt. No. 7-1. Petitioner bears the burden of showing a likelihood of success on the merits of his petition, including whether he has sufficiently exhausted administrative remedies. But he did not address the bond hearing in his TRO application and has not had an opportunity to respond to the government's exhaustion arguments.

On this record, the Court cannot determine whether Petitioner's available administrative remedies warrant deferring adjudication of this petition. It is unclear whether Petitioner can pursue the claims and obtain the relief asserted in the petition through a bond hearing or other immigration proceeding. *See, e.g.*, *L.M. v. Noem*, No. 2:25-CV-02194, 2026 WL 103231, at *9 (D. Nev. Jan. 14, 2026) (waiving administrative exhaustion requirements "because Respondents identify no administrative appeal process in which Petitioners could seek adjudication of their claims regarding the unlawful revocation of their parole and unlawfulness of their ongoing detention"); *Gomez v. Noem*, No. 26-CV-00134 2026 WL 370059, at *3 (S.D. Cal. Feb. 10, 2026) (finding exhaustion requirement satisfied where petitioner's appeal to BIA would "not address the original decision to revoke his parole or Respondents' violation of the APA"). Accordingly, the Court finds that the application would benefit from further briefing.

IV.

The Court defers ruling on the TRO application and orders supplemental briefing. The parties shall each file a brief by March 6, 2026, addressing whether Petitioner can—and should be required to—seek administrative remedies for his claims through his immigration proceedings. The parties should also further address the merits of Petitioner's claims, including what statutes and regulations are applicable to his detention. The government is ordered to personally serve a copy of this order on Petitioner forthwith.

Date: February 23, 2026

Stanley Blumenfeld, Jr.
United States District Judge